UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOHN VELEZ,

                          Plaintiff,

                                                                                                                                9:10-CV-1570
v.                                                                                                          (TJM/GHL)

SYRACUSE UNIVERSITY HOSPITAL
SCIENCE CENTER, DR. CARTER,
D. PADALINO, DEPT. OF CORRECTION
SERVICES, ELMIRA CORRECTIONAL
FACILITIES, COMSTOCK CORRECTIONAL
FACILITY, GREEN HAVEN CORRECTIONAL
FACILITY, AUBURN CORRECTIONAL
FACILITY,

                        Defendants.
_____

APPEARANCES:                                                                 OF COUNSEL:

JOHN VELEZ, 83-A-6764
Plaintiff *pro se*
Green Haven Correctional Facility
P.O. Box 4000
Stormville, NY 12582

HON. ERIC T. SCHNEIDERMAN                     TIMOTHY P. MULVEY, ESQ.
Attorney General for the State of New York
Counsel for Defendants
The Capitol
Albany, NY 12224

GEORGE H. LOWE, United States Magistrate Judge

## REPORT-RECOMMENDATION

       This *pro se* prisoner civil rights action, commenced pursuant to 42 U.S.C. § 1983, has been referred to me for Report and Recommendation by the Honorable Thomas J. McAvoy, Senior United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c).

Plaintiff John Velez alleges that Defendants were deliberately indifferent to his serious medical needs because they allowed metal to remain in his neck after a 1990 surgery. (Dkt. No. 1.) Currently pending before the Court is Defendants'[1] motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[2] (Dkt. No. 14.) For the reasons that follow, I recommend that Defendants' motion be granted.

I.    BACKGROUND

Plaintiff's claim arose between 1990 and 2008 at four different correctional facilities. (Dkt. No. 2 at 2.) Plaintiff had an operation in 1990 at the State University of New York Upstate Health Science Center ("SUNY Upstate").[3] *Id*. In the complaint as it is currently drafted, Plaintiff alleges that Defendant Doctors D. Carter and D. Padalino left metal inside his neck during the operation. *Id*. at 3. Specifically, Plaintiff alleges that his "pain, suffering and physical injuries . . . started via . . . Science Center . . . doctors['] Dr. D. Carter and Dr. D. Padalin[o] act of malpractice that left metal inside of Plaintiff's neck." *Id*. Plaintiff further alleges that, despite his complaints at every facility in which he was housed, it took seventeen years for him to receive an operation to remove the metal. *Id*. Plaintiff names the two individual doctors as defendants along with SUNY Upstate, the Department Of Correctional Services, Elmira

---

[1]     By text order dated August 31, 2011, the Court granted Defendant Padalino's request to join the motion filed on behalf of the other seven defendants.

[2]     The docket lists the motion as a motion for judgment on the pleadings. However, the notice of motion states that Defendants are moving to dismiss pursuant to Rule 12(b)(6). (Dkt. No. 14 at 1.) The distinction is irrelevant because "[t]he standard for addressing a Rule 12(c) motion for judgment on the pleadings is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006).

[3]     Identified as "Syracuse University Hospital Science Center" in the complaint.

Correctional Facility, Comstock Correctional Facility, Green Haven Correctional Facility, and Auburn Correctional Facility.  *Id*. at 1.  Plaintiff requests twenty million dollars in damages.  *Id*. at 5.

Defendants now move to dismiss the complaint.  (Dkt. No. 14.)  Plaintiff has opposed the motion.  (Dkt. No. 16.)  Defendants have filed a reply.  (Dkt. No. 17.)

## II. LEGAL STANDARD GOVERNING MOTIONS TO DISMISS FOR FAILURE TO STATE A CLAIM

A defendant may move to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) on the ground that the complaint fails to state a claim upon which relief can be granted.  In order to state a claim upon which relief can be granted, a complaint must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (emphasis added).  "Determining whether a complaint states a plausible claim for relief . . . requires the . . . court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not shown -- that the pleader is entitled to relief."  *Id.* at 1950 (internal citation and punctuation omitted).

"In reviewing a complaint for dismissal under Rule 12(b)(6), the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor."  *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted).

Courts are "obligated to construe a *pro se* complaint liberally." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949.

III.  ANALYSIS

Defendants move to dismiss (1) the claims against the institutional defendants because they are barred by the language of 42 U.S.C. § 1983 and the Eleventh Amendment; and (2) the claims against the individual doctors because Plaintiff has not alleged facts plausibly suggesting that they violated Plaintiff's constitutional rights. (Dkt. No. 14-1 at 2-5.)

A.  Claims Against the Institutional Defendants

As noted above, Plaintiff asserts claims against SUNY Upstate, the Department Of Correctional Services, Elmira Correctional Facility, Comstock Correctional Facility, Green Haven Correctional Facility, and Auburn Correctional Facility. (Dkt. No. 1 at 1.) Defendants argue that the institutional defendants should be dismissed because the claims against them are barred by the language of 42 U.S.C. § 1983 and the Eleventh Amendment. (Dkt. No. 14-1 at 2-3.) Defendants are correct.

Plaintiff has sued the institutional defendants pursuant to 42 U.S.C. § 1983 for violating his Eighth Amendment rights. (Dkt. No. 1 at 1, 3.) Only "persons" can be held liable under § 1983. It is well-settled that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 71 (1989). This well-settled axiom extends to governmental entities that are "arms of the state." *Id*. at 70. A

state and its agencies are not subject to suit under § 1983 because they are not "persons." *Harris v. Dep't. of Health*, 202 F. Supp. 2d 143, 178 (S.D.N.Y. 2002). Here, Plaintiff has named the New York Department of Correctional Services, four correctional facilities, and SUNY Upstate as defendants. (Dkt. No. 1 at 1.) These institutions are not "persons." Thus, Plaintiff cannot maintain a § 1983 claim against them.

Moreover, Plaintiff's claims for damages against the institutional defendants are barred by the Eleventh Amendment. The Eleventh Amendment has long been construed as barring a citizen from bringing a suit against his or her own state in federal court, under the fundamental principle of "sovereign immunity." *See* U.S. Const. amend XI ("The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."); *Hans v. Louisiana*, 134 U.S. 1, 10-21 (1890); *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267 (1997); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). State immunity extends not only to the states, but to state agencies. *See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf*, 506 U.S. 139, 142-47 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-06 (1984). Therefore, I recommend that the Court dismiss the claims against the institutional defendants.

Where a *pro se* complaint fails to state a cause of action, the court *generally* "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation and citation omitted). However, an opportunity to amend is not required where "[t]he problem with [the plaintiff's] causes of action is substantive" such that

"better pleading will not cure it." *Id*. (citation omitted).  Here, the problem with Plaintiff's claims against the institutional defendants is substantive and could not be cured with better pleading.  Therefore, I recommend that the Court dismiss the claims against the institutional defendants without leave to amend.

### B. Claims Against the Individual Defendants

Plaintiff claims that his "pain, suffering and physical injuries . . . started via . . . Science Center . . . doctors['] Dr. D. Carter and Dr. D. Padalin[o] act of malpractice that left metal inside of Plaintiff's neck." *Id*.  Defendants argue that this claim should be dismissed because Plaintiff has not alleged facts plausibly suggesting that the doctors acted with deliberate indifference to Plaintiff's serious medical needs.  (Dkt. No. 14-1 at 4.)  Defendants are correct.

There are two elements to a prisoner's claim that state officials violated his Eighth Amendment right to receive medical care: "the plaintiff must show that she or he had a serious medical condition and that it was met with deliberate indifference." *Caiozzo v. Koreman*, 581 F.3d 63, 72 (2d Cir. 2009) (citation and punctuation omitted).  "The objective 'medical need' element measures the severity of the alleged deprivation, while the subjective 'deliberate indifference' element ensures that the defendant prison official acted with a sufficiently culpable state of mind." *Smith v. Carpenter*, 316 F.3d 178, 183-84 (2d Cir. 2003).

A "serious medical condition" is "a condition of urgency, one that may produce death, degeneration, or extreme pain." *Nance v. Kelly,* 912 F.2d 605, 607 (2d Cir. 1990) (Pratt, J. dissenting) (citations omitted), *accord*, *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1996), *cert. denied*, 513 U.S. 1154 (1995); *Chance v. Armstrong*, 143 F.3d 698*,* 702 (2d Cir. 1998).  Relevant factors to consider when determining whether an alleged medical condition is

sufficiently serious include, but are not limited to: (1) the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; (2) the presence of a medical condition that significantly affects an individual's daily activities; and (3) the existence of chronic and substantial pain.  *Chance*, 143 F.3d at 702-03.  The Court will assume for the purposes of this motion that Plaintiff suffered from a serious medical need.

Medical mistreatment rises to the level of deliberate indifference only when it "involves culpable recklessness, i.e., an act or a failure to act . . . that evinces 'a conscious disregard of a substantial risk of serious harm.'" *Chance*, 143 F.3d, 698, 703 (quoting *Farmer v. Brennan*, 511 U.S. 825, 835 (1994)).  A complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim . . . under the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 105-06.  Stated another way, "medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Id.; Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003) ("Because the Eighth Amendment is not a vehicle for bringing medical malpractice claims, nor a substitute for state tort law, not every lapse in prison medical care will rise to the level of a constitutional violation.")  Here, Plaintiff alleges simply that Defendants Carter and Padalino committed medical malpractice. (Dkt. No. 1 at 3.)  Therefore, I recommend that the Court dismiss Plaintiff's claims against the individual defendants.

In opposition to the motion to dismiss, Plaintiff has submitted a document that provides many more details about his claims. (Dkt. No. 16.)  This document discusses actions and inaction by many individuals who are not currently named as defendants.  It also states that Defendants Carter and Padalino did not become involved in Plaintiff's care until 2007, when they obtained his consent to perform a C4-C7 anterior cervical discectomy.  *Id*. at 11-12.  Plaintiff

states that Defendants Carter and Padalino failed to provide him with any Spanish interpretation of the consent document, despite the fact that he cannot read, write, or speak English. *Id*. at 12. In light of these new allegations, it is recommended that the Court grant Plaintiff leave to amend his complaint to assert claims against Defendants Carter, Padalino, and the other newly-named individuals who were involved with Plaintiff's medical care.

    **ACCORDINGLY**, it is

    **RECOMMENDED** that Defendants' motion to dismiss (Dkt. No. 14) be **GRANTED** with leave to file amended claims against individual defendants but without leave to amend as to Syracuse University Hospital Science Center, the Department Of Correction Services, Elmira Correctional Facility, Comstock Correctional Facility, Green Haven Correctional Facility, and Auburn Correctional Facility.

    Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a).

*[signature]*
George H. Lowe
United States Magistrate Judge

Dated: January 23, 2012
       Syracuse, New York